# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **RANDALL BENJAMIN OTEY,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 2:16-cv-01540-RDP-SGC |
| **DIRECTOR OF ALABAMA LAW ENFORCEMENT AGENCY, et al.,** | } |
| **Defendants.** | } |

## **MEMORANDUM OPINION**

On March 23, 2017, the Magistrate Judge's Report and Recommendation was entered and Plaintiff was allowed therein fourteen (14) days in which to file objections to the recommendations made by the Magistrate Judge. (Doc. # 22). On March 31, 2017, Plaintiff filed a Motion to Amend the Complaint. (Doc. # 24). The court has liberally construed some of Plaintiff's allegations in his motion to amend the complaint as objections to the Report and Recommendation. On April 4, 2017 and April 7, 2017, Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. (Docs. # 25, 26). After careful review, and for the reasons explained below, the Magistrate Judge's Report and Recommendation is due to be affirmed and adopted, Plaintiff's motion to amend is due to be denied, and this action is due to be dismissed without prejudice.

**I.     Standard of Review**

When reviewing a Magistrate Judge's Report and Recommendation, the court reviews the portions to which an objection has been raised *de novo*. *Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373 (N.D. Ga. 2006). The court reviews those portions that are not specifically objected

to under the "clearly erroneous" standard. *See Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001).

Although the court has direction to grant or deny a motion to amend, it must freely grant a plaintiff leave to amend the complaint when justice so requires. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (quoting *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988)). Generally, a court should grant a plaintiff one opportunity to amend his or her complaint before it dismisses an action with prejudice. *Id.* The court does not need to grant leave to amend the complaint, though, when a plaintiff has failed to cure prior deficiencies or when an amendment would be futile. *Id.*

## II. Analysis of Plaintiff's Objections to the Report and Recommendation

A *de novo* review of the Report and Recommendation and the record, and a review of Plaintiff's objections to the Magistrate Judge's thorough analysis of the claims in this action reveal no ground for departing from the Magistrate Judge's conclusion that all of Plaintiff's claims are due to be dismissed.

### A. The Magistrate Judge Committed No Error in Concluding that Sex Offenders do Not Constitute a Suspect Class

In his objections to the Report and Recommendation, Plaintiff argues that sex offenders are a suspect class because the Alabama Sex Offender Registration and Community Notification Act ("ASORCNA") imposes additional burdens on that class. (*See* Doc. # 25 at 2). He also contends that ASORCNA classifies sex offenders as individuals with an "incurable disorder." (Doc. # 26 at 2). However, the Magistrate Judge correctly asserted that sex offenders are not generally considered a suspect class under Eleventh Circuit law. (Doc. # 22 at 9-10) (citing *Doe v. Moore*, 410 F.3d 1337, 1346 (11th Cir. 2005)). Thus, this objection provides no basis for

overruling the Magistrate Judge's recommendation that Plaintiff's equal protection claim is due to be dismissed.

> **B. The Magistrate Judge Did Not Err by Relying on the Alabama Legislature's Legislative Findings as Rational Bases for ASORCNA**

In his objections to the Report and Recommendation, Plaintiff argues that the court should not rely on the recidivism rate of sex offenders as a rational basis for ASORCNA because many judicial opinions have used a 1997 report from the U.S. Department of Justice as evidence that sex offenders re-offend at a higher rate than other criminals. (*See* Doc. # 25 at 2). Plaintiff contends that the Alabama Legislature should be required to produce updated recidivism statistics to support ASORCNA. (*Id.*).

When enacting ASORCNA, the Alabama Legislature found that "[r]egistration and notification laws are a vital concern as the number of sex offenders continues to rise. The increasing numbers coupled with the danger of recidivism place society at risk." Ala. Code § 15-20A-2(1). The Alabama Legislature did not cite a specific source for its finding that sex offenders present a danger of recidivism. Nevertheless, the Supreme Court observed in 2003 that "[t]he risk of recidivism posed by sex offenders is 'frightening and high.'" *Smith v. Doe*, 538 U.S. 84, 103 (2003) (quoting *McKune v. Lile*, 536 U.S. 24, 34 (2002)). The Court relied on two 1997 reports from the U.S. Department of Justice to support this recidivism assessment. *Id.* The Court determined that a state could reasonably conclude that sex offenders present a "substantial risk of recidivism" because such a conclusion is consistent with prior studies of the recidivism rate for sex offenders. *See id.* When denying a similar equal protection claim to that presented in this action, the Eleventh Circuit held that the Alabama Legislature articulated "several reasonable bases for enacting [ASORCNA]." *Windwalker v. Governor of Ala.*, 579 F. App'x 769, 774 (11th Cir. 2014).

3

Plaintiff's objection presents insufficient grounds to overrule the Magistrate Judge's recommendation that the court dismiss the equal protection claim. Plaintiff provides no evidence to contest the Legislature's finding that sex offenders present a danger of recidivism. (*See generally* Doc. # 25). Additionally, the Alabama Legislature provided several reasons other than recidivism for enacting ASORCNA, including increasing public awareness of sex offenders, maintaining contact between sex offenders and law enforcement, ensuring that juvenile sex offenders receive treatment, protecting the public from criminals who might use physical violence, and protecting vulnerable populations from harm. *See generally* Ala. Code § 15-20A-2. Plaintiff has not raised any challenge to relying on these other articulated reasons as rational bases for ASORCNA. Accordingly, the court finds no ground for disagreeing with the Eleventh Circuit's holding that the Alabama Legislature articulated several rational bases for enacting ASORCNA. *Windwalker*, 579 F. App'x at 774. The Magistrate Judge's recommendation to dismiss Plaintiff's equal protection claim is due to be affirmed.[1]

C. **Plaintiff's Substantive Due Process Claim is Foreclosed by Precedent**

In his motion to amend, Plaintiff argues that ASORCNA violates his constitutionally-protected liberty interests because of (1) arbitrary enforcement, (2) arbitrary restraints on freedom, and (3) ASORCNA's lifetime reporting requirements and fee provisions. (Doc. # 24 at 7). He claims that the statute violates "a fundamental right to be free from oppresive (sic) statues (sic)." (*Id.* at 6).

---

[1] Plaintiff contends in his objections that ASORCNA discriminates against men on the basis of sex because prostitution is not classified as a sex offense. (*See* Doc. # 26 at 3). The court agrees with the Magistrate Judge that Plaintiff's arguments about the scope of sex offenses in ASORCNA provide no plausible allegations that the Alabama Legislature intended to discriminate against men in passing ASORCNA, a facially gender-neutral law. (Doc. # 22 at 10-11). *Cf. L.A. v. Hoffman*, 144 F. Supp. 3d 649, 672-73 (D.N.J. 2015) (dismissing an equal protection challenge to a sex offender registry statute on the ground that plaintiffs failed to present plausible allegations that the state intended to discriminate against in-state sex offenders).

In analyzing whether Florida's sex offender registration statute violated substantive due process, the Eleventh Circuit concluded that the statute did not infringe on a fundamental right. *Doe*, 410 F.3d at 1345. Because the registration statute was rationally related to a governmental interest in protecting citizens from criminal activity, the Eleventh Circuit held that it did not violate the plaintiff's substantive due process rights.[2] *Id.* at 1345-46. Plaintiff's substantive due process claim is foreclosed by the Eleventh Circuit's opinion in *Doe*, and the Magistrate Judge properly recommended that this claim is due to be dismissed.

### D. Plaintiff's *Ex Post Facto* Claim is Foreclosed by Precedent

In the Report and Recommendation, the Magistrate Judge considered whether Plaintiff could present a viable *ex post facto* challenge to ASORCNA. (*See* Doc. # 22 at 15-18). The Magistrate Judge concluded that any *ex post facto* challenge to ASORCNA in Plaintiff's Amended Complaint (Doc. # 18) fails and noted that the Eleventh Circuit denied a similar claim in *Windwalker*. (*Id.* at 17-18).

Plaintiff objects to several portions of the Magistrate Judge's analysis of his *ex post facto* challenge. According to Plaintiff, ASORCNA is a punitive statute in intent and effect because it (1) provides for lifetime "probation," (2) obligates a listed offender to report in person to a government official, (3) obligates an offender to pay fees, (4) requires an offender to notify the government of address changes, (5) subjects an offender to unannounced visits, and (6) limits where a registered individual can live and work. (Doc. # 24 at 4). He claims that ASORCNA is intended to inflict public humiliation, which is a historical means of punishment. (*Id.* at 5). He contends that ASORCNA is punitive because several of its provisions are more restrictive than

---

[2] In a later, unpublished opinion, the Eleventh Circuit held that ASORCNA did not violate a plaintiff's alleged fundamental rights to privacy, housing, employment, free travel and movement, freedom from interference in religious practices, and freedom from threats and harassment. *Windwalker*, 579 F. App'x at 773-74.

5

Alabama's conditions of probation.  (*Id.* at 6).  These objections are reiterated in Plaintiff's objections to the Report and Recommendation.  (*See* Doc. # 26 at 4-9).

The court finds no error in the Magistrate Judge's analysis of Plaintiff's *ex post facto* claim.  As the Magistrate Judge stated, the Alabama Legislature did not enact ASORCNA for a punitive purpose; rather, it enacted ASORCNA to protect the public and promote child safety. (Doc. # 22 at 16) (citing Ala. Code § 15-20A-2(5) and *Smith*, 538 U.S. at 93).  And, the statute is not so punitive that it negates the Alabama's Legislature's intent to enact a non-punitive statute. (*Id.* at 17-18) (citing *Windwalker*, 579 F. App'x at 772).  Importantly, ASORCNA is rationally related to the non-punitive purpose of promoting public safety.  *Windwalker*, 579 F. App'x at 772.

In his motion to amend and his objections to the Report and Recommendation, Plaintiff analogizes portions of ASORCNA to traditional punishments of probation, fines, and public shaming.  (*See* Docs. # 24 at 4-5; 26 at 5, 7).  One of the primary factors for determining whether a regulatory provision is so punitive that it negates the state's intent to enact a civil statute is whether it uses means that have been considered punitive in our nation's history.  *Smith*, 538 U.S. at 97.  In a recent comprehensive opinion analyzing ASORCNA, the Middle District of Alabama concluded that ASORCNA's regulatory regime does not resemble traditional punishments of public shaming, probation, or fines.  *McGuire v. Strange*, 83 F. Supp. 3d 1231, 1253-57 (M.D. Ala. 2015).  The regulatory regime in ASORCNA does not resemble public shaming because it disseminates accurate and public information about an offender's criminal record and does not create direct confrontations between the offender and the public.  *Id.* at 1254. ASORCNA's regulatory regime does not resemble probation because it does not involve direct

supervision by a government official,[3] any violations of ASORCNA are punished through separate criminal prosecutions from the original offense, and a registrant receives a new criminal trial before being punished for violating ASORCNA. *Id.* at 1255-56. Finally, the $10 quarterly registration fee in ASORCNA is not similar to a fine because it is assessed to "offset the costs of the regulatory scheme." *Id.* at 1256-57. The court concurs with the *McGuire* opinion's analysis of this issue and concludes that the registration scheme is not comparable to historical punishments. *Cf. Smith*, 538 U.S. at 97 (acknowledging an appellate court's determination that sex offender registry statutes are not traditional means of punishment because they are relatively recent legal innovations).

Overall, "the court finds that [Plaintiff] has not shown by the clearest proof that ASORCNA's scheme as a whole is so punitive either in purpose or effect as to negate the Legislature's stated nonpunitive intent."[4] *McGuire*, 83 F. Supp. 3d at 1269 (finding, after a trial on the merits of a similar *ex post facto* claim, that almost all provisions in ASORCNA are not punitive). The Magistrate Judge's recommendation that the court dismiss any *ex post facto* claim in Plaintiff's amended complaint is due to be accepted.

---

[3] In his objections to the Report and Recommendation, Plaintiff claims for the first time that an officer was assigned to him after he registered under ASORCNA. (Doc. # 26 at 7). He does not allege, however, that the officer possessed discretionary authority over his activities or that the officer monitored him as a probation officer would have. Indeed, Plaintiff's complaint states that the officer questioned him because the Madison County Sheriff's Office believed that Plaintiff had provided a false address. (Doc. # 18 at 6). In any event, Plaintiff points to no provision of ASORCNA that requires law enforcement officers to be assigned to registered sex offenders.

[4] The court recognizes that *McGuire* invalidated two provisions of ASORCNA as violations of the *ex post facto* clause, to the extent those provisions applied to individuals convicted of sex offenses before 2011. 83 F. Supp. 3d at 1269-70. The invalidated provisions were: (1) a requirement that a homeless registrant living within a municipality complete two in-person weekly registrations with a county sheriff's office and a municipality's police office, and (2) a requirement that a registrant living within a municipality complete two travel permit applications with a county sheriff's office and a municipality's police office before travelling out of the jurisdiction for more than three days. *See id.* Throughout this action, Plaintiff has sought to challenge the constitutionality of the entire ASORCNA registration scheme and has not limited his claims to the specific provisions invalidated in *McGuire*.

### E. Plaintiff's Double Jeopardy Claim is Due to be Dismissed

In his objections, Plaintiff reiterates that ASORCNA violated his double jeopardy rights. (Doc. # 26 at 6). Nevertheless, he acknowledges that a state court imposed criminal punishments on him for violating ASORCNA after separate criminal proceedings. (*Id.*). *Cf. Parker v. King*, 2008 WL 901087, at *19 (M.D. Ala. Mar. 31, 2008) (determining that Alabama's prior sex offender registry statute did not "implicate double jeopardy" because a sex offender received "a separate prosecution for violation of the Act's registration provisions"). And, as discussed above, ASORCNA's registration scheme did not impose criminal punishment on Plaintiff for his pre-2011 sexual abuse conviction. Accordingly, the court concurs with the Magistrate Judge's recommendation to dismiss this claim.

## III. Analysis of Plaintiff's Motion to Amend the Complaint

Plaintiff has requested leave to amend his complaint to include a claim challenging the constitutionality of ASORCNA. (Doc. # 24 at 3-7). Plaintiff's proposed claim is a mélange of substantive due process and *ex post facto* challenges to ASORCNA. (*See id.*).

Plaintiff's request for leave to amend the complaint is due to be denied as futile because he has not cured the deficiencies the Report and Recommendation identified in the amended complaint. *Cf. Bryant*, 252 F.3d at 1163. For the reasons explained above, Plaintiff's proposed claim fails to allege a plausible substantive due process claim or a plausible *ex post facto* claim. Such constitutional challenges to ASORCNA have been considered and rejected by the Eleventh Circuit. *See Windwalker,* 579 F. App'x at 771-74. Plaintiff's motion to amend does not present one of the two *ex post facto* claims for which the Middle District of Alabama granted relief in *McGuire*. *Cf.* 83 F. Supp. 3d at 1269-70 (determining that two provisions of ASORCNA were punitive in nature to the extent that they imposed duplicative requirements on registrants).

Finally, the court has already granted Plaintiff one opportunity to amend his complaint. (Doc. # 16 at 2). Accordingly, the court finds that any amendment to Plaintiff's complaint would be futile, and his motion to amend is therefore due to be denied.

## IV. Conclusion

After careful consideration of the record in this case, the Magistrate Judge's Report and Recommendation (Doc. # 22), and Petitioner's objections thereto (Docs. # 24-26), the Magistrate Judge's Report and Recommendation is due to be adopted. The Magistrate Judge's recommendation that this action be dismissed without prejudice for failing to state a claim upon which relief can be granted is due to be accepted. Finally, Plaintiff's motion to amend the complaint (Doc. # 24) is due to be denied. A separate order in accordance with the Memorandum Opinion will be entered.

**DONE** and **ORDERED** this April 10, 2017.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE